**No. 26-70004**

_____

**In the United States Court of Appeals
for the Fifth Circuit**

_____

Edward Lee Busby,
*Petitioner-Appellant*

v.

Eric Guerrero, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,
*Respondent-Appellee*

_____

On Appeal from the United States District Court for the Northern
District of Texas, Fort Worth Division, Civil Action 4:09-cv-00160-O

_____

**APPLICATION FOR CERTIFICATE OF APPEALABILITY
WITH BRIEF IN SUPPORT**

_____

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (832) 842-4671
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (832) 842-4671
Email jrnewber@central.uh.edu

Counsel for *Petitioner-Appellant*, Edward Lee Busby
This is a capital case. Busby is scheduled to be executed on May 14, 2026.

## Certificate of Interested Persons

Edward Lee Busby,

*Petitioner-Appellant*

v.

Eric Guerrero, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

*Respondent-Appellee*

The undersigned counsel of record certifies that the following listed persons and entities as described by Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Petitioner-Appellant**
   Edward Lee Busby
   TDCJ-ID (Death Row)
   Livingston, Texas

2. **Counsel for Petitioner-Appellant**
   David R. Dow
   Jeffrey R. Newberry
   University of Houston Law Center
   Houston, Texas

3. **Respondent-Appellee**
   Eric Guerrero
   Director, Texas Department of Criminal Justice,

Correctional Institutional Division
Huntsville, Texas

4.    **Counsel for Respondent-Appellee**
Jefferson David Clendenin
Office of the Texas Attorney General


/s/ Jeffrey R. Newberry

_____
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
*Counsel to Petitioner-Appellant,*
*Edward Lee Busby*

**Statement Regarding Oral Argument**

Pursuant to Federal Rule of Appellate Procedure 34(a), Petitioner-Appellant does not request oral argument.

## Table of Contents

Certificate of Interested Persons .................................................................. ii

Statement Regarding Oral Argument ............................................................ iv

Table of Contents……….......................................................................... v

Index of Authorities .................................................................................. vii

APPLICATION FOR CERTIFICATE OF APPEALABILITY WITH
BRIEF IN SUPPORT ................................................................................ 1

I.     Introduction…… ...................................................................... 1

II.    Jurisdiction………................................................................... 4

III.   Statement of the legal issues ................................................... 5

IV.    Statement of the case .............................................................. 6

V.     Standard of review for issuing a COA .................................... 12

VI.    Summary of the argument ....................................................... 14

VII.   Argument………...................................................................... 15

    A.    Reasonable jurists would agree that Busby's Motion
        addresses a defect in the integrity of the proceeding, not a
        prior habeas decision. ........................................................ 15

    B.    Reasonable jurists would agree that Busby's Motion was
        timely. ................................................................................ 16

C.    Reasonable jurists would agree that Busby's Motion presents the "extraordinary circumstances" necessary to reopen his proceeding pursuant to Rule 60(b)(6)...................... 18

VIII.  Conclusion and prayer for relief.........................................................22

Certificates of Service and Compliance with ECF Filing Standards ............ 25

Certificate of Compliance with Rule 32(a) ...................................................... 26

# Index of Authorities

**Cases:**

*Buck v. Davis*,
580 U.S. 100 (2017).................................................. 13, 20-22

*Busby v. Davis*,
589 U.S. 1141 (2020) ........................................................11

*Busby v. Davis*,
925 F.3d 699 (5th Cir. 2019) .......................................2, 10-11

*Busby v. Davis*,
677 F. App'x 884 (5th Cir. 2017) ......................................... 10

*Crutsinger v. Davis*,
936 F.3d 265 (5th Cir. 2019) ................................................ 18

*Gonzalez v. Crosby*,
545 U.S. 524 (2005) ........................................................... 18

*Ibarra v. Thaler*,
691 F.3d 677 (5th Cir. 2012), *overruled on other grounds by Trevino
v. Thaler*, 133 S. Ct. 1911 (2013)......................................... 15

*In re Busby*,
No. WR-70,747-03, 2020 WL 2029306 (Tex. Crim. App. Apr.
27, 2020) .......................................................................11

*In re Tex. Dep't Crim. Just.*,
710 S.W.3d 731 (Tex. Crim. App. 2025) ................................9

*Jordan v. Fisher*,
135 S. Ct. 2647 (2015) (Sotomayor, J., dissenting) ............................ 13

*Miller-El v. Cockrell*,
    537 U.S. 322 (2003)................................................................ 12

*Ochoa Canales v. Quarterman*,
    507 F.3d 884 (5th Cir. 2007) ............................................... 12

*Pippin v. Dretke*,
    434 F.3d 782 (5th Cir. 2005) ............................................... 13

*Saldano v. Texas*,
    530 U.S. 1212 (2000)............................................................ 21

*Skinner v. Quarterman*,
    528 F.3d 336 (5th Cir. 2008)............................................... 13

*Slack v. McDaniel*,
    529 U.S. 473 (2000) ............................................................. 13

**Rules and Statutes:**

28 U.S.C. § 2241 ...................................................................... 4

28 U.S.C. § 2253 .................................................................... 12

28 U.S.C. § 2254 ...................................................................... 4

Tex. Code Crim. Proc. art. 11.071.......................................... 9

No. 26-70004

_____

In the United States Court of Appeals
for the Fifth Circuit

_____

Edward Lee Busby,
*Petitioner-Appellant*

v.

Eric Guerrero, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,
*Respondent-Appellee*

_____

On Appeal from the United States District Court for the Northern
District of Texas, Fort Worth Division, Civil Action 4:09-cv-00160-O

_____

**APPLICATION FOR CERTIFICATE OF APPEALABILITY
WITH BRIEF IN SUPPORT**

_____

**This is a death penalty case.
Mr. Busby is scheduled to be executed on May 14, 2026.**

## I.      Introduction

Nearly seven years ago, on May 19, 2019, this Court issued a published opinion affirming the district court's decision denying Petitioner-Appellant Edward Lee Busby habeas relief on his then-existing *Atkins* claim. This

Court wrote that the state court decision to deny Busby relief was not an unreasonable determination of the facts, in part because Busby had failed to produce a report from any expert opining that he is intellectually disabled. *Busby v. Davis*, 925 F.3d 699, 720 (5th Cir. 2019).[1] This Court's observation was correct; the record at that time was devoid of any expert report. The reason for the absence of an expert report, however, was that the district court had wrongfully denied Busby the funds reasonably necessary to obtain such a report. In denying Busby funds needed to demonstrate that he is intellectually disabled -- and hence ineligible for execution -- the district court had relied on this Court's precedent. That very precedent was addressed by the Supreme Court in *Ayestas v. Davis*, 584 U.S. 28 (2018). In short, Busby was entitled to the funds he had requested from the district court. The denial of those funds -- which led to the absence of an expert report demonstrating Busby's ineligibility for execution -- was erroneous; and this Court's conclusion that Busby was not entitled to habeas relief in

---

[1] "If Busby was in fact evaluated by an expert in intellectual disability, . . . Busby has not disclosed the results of such an evaluation. . . . We do not know therefore, what conclusions, if any, Martinez may have drawn in that report as to whether Busby is intellectually disabled." *Busby v. Davis*, 925 F.3d 699, 720 (5th Cir. 2019).

part because of the absence of an expert report was therefore predicated on that error.

In the seven years since this Court last considered whether Busby is intellectually disabled, Busby has obtained the funds necessary to have an expert opine on whether he is intellectually disabled; consequently, the record now contains precisely the report from Dr. Martinez that this Court previously found to be lacking. After Dr. Martinez issued his report opining that Busby is intellectually disabled, the State hired an expert -- Dr. Antoinette McGarrahan -- who subsequently issued a report agreeing with Dr. Martinez. In short, both experts (Busby's as well as the expert hired by the State) agree Busby is intellectually disabled. He is therefore ineligible for execution. Crucially, Busby's current *Atkins* claim -- buttressed by these two expert reports -- is fundamentally different from the claim previously considered by this Court.

Busby asked the district court to reopen his federal habeas proceeding so that the district court could consider the *Atkins* claim that would have been before that court and this Court (i.e., Busby's current *Atkins* claim) but for the district court's wrongful denial of funds. That court construed

3

Busby's Motion as an attempt to complain about both its and this Court's opinions denying relief on Busby's previous *Atkins* claim. Reasonable jurists would disagree with this construction and would instead view Busby's Motion as an attempt to address a defect in the integrity of his federal habeas proceeding -- namely, the wrongful denial of necessary funds. Reasonable jurists would similarly disagree with the district court's conclusions that Busby's motion was untimely and did not present extraordinary circumstances. Reasonable jurists would agree with the unanimous opinion of the experts: Busby satisfies the criteria for intellectual disability.

## II.    Jurisdiction

The district court had jurisdiction pursuant to 28 U.S.C. § 2241(d) because Busby was convicted in the Criminal District Court Number Two of Tarrant County, Texas. Subject matter jurisdiction was conferred by 28 U.S.C. § 2254. Busby filed his Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure on April 2, 2026. ROA.3441-3538. On April 15, 2026, the district court entered an order purporting to both deny the merits of (and a certificate of appealability to appeal the merits

4

of ) Busby's Rule 60 motion and to transfer it to this Court as a successive habeas petition. ROA.3608-09.[2]

## III.   Statement of the legal issues

The issues presented here are:

(1) whether a motion that asks the district court to reopen a federal habeas proceeding to consider the *Atkins* claim that could have previously existed but for the district court's error in denying funding can proceed pursuant to Rule 60 of the Federal Rules of Civil Procedure;

---

[2] Counsel are unsure whether the district court had jurisdiction both to transfer Busby's Motion to this Court as a successive habeas petition and to issue a decision on the merits of the Rule 60(b) motion. Counsel would like to appeal all three conclusions of the district court (i.e., that Busby's Motion: 1. constitutes a successive habeas petition; 2. was not timely filed; and 3. fails to present extraordinary circumstances), and believe all three can be challenged in this single pleading so long as the district court had jurisdiction to both transfer and address the merits of Busby's motion. If, however, this Court believes that the district court lacked jurisdiction to address the merits of the Rule 60 Motion, having already concluded that Busby's Motion constituted a successive habeas petition, requiring that court to transfer the petition to this Court, Counsel believe it is appropriate for this Court to return the Motion to the district court with instructions for it to address the merits of the Rule 60 Motion.  Moreover, because that court has already indicated its views on the merits of the Rule 60 Motion, it would be appropriate, when remanding the Motion to the district court, in the interest of judicial economy, for this Court to indicate both its belief that the Motion is timely and that it presents extraordinary circumstances justifying relief.

(2) whether such a motion is timely if the Movant has diligently pursued relief on his *Atkins* claim since federal habeas counsel was appointed to represent him; and

(3) whether a Rule 60 motion presents extraordinary circumstances when both Counsel for the State and Counsel for Movant have asked the state habeas trial court to find that the Movant is ineligible for execution.

## IV.    Statement of the case

Busby was convicted in November 2005 of a capital murder committed in January 2004. ROA.5396. He was sentenced to death by the trial court in 2005. ROA.5406. The CCA affirmed his conviction and sentence on direct appeal in 2008. ROA.5422. Busby then filed an application post-conviction writ of habeas corpus in the state habeas court, and the Court of Criminal Appeals denied him relief in February 2009. *Ex parte Busby*, No. WR-70,747-01, 2009 WL 483096, at *1 (Tex. Crim. App. Feb. 25, 2009).

On April 13, 2009, the district court appointed undersigned Counsel Dow to represent Busby in this federal habeas proceeding. ROA.23. Busby filed a Petition for Writ of Habeas Corpus in this Court on February 25,

2010, and an amended petition on May 24, 2010. ROA.81; ROA.703. Busby raised several issues in his Amended Petition, including that his death sentence violates the Eighth and Fourteenth Amendments pursuant to the Supreme Court's opinion issued in *Atkins v. Virginia*, 536 U.S. 304 (2002), because he is intellectually disabled. ROA.816-45.

Counsel employed Gilbert Martinez in 2010 at Counsel's own expense to administer an intelligence test to Busby, believing Busby likely to be intellectually disabled. ROA.1634-35. Dr. Martinez administered the WAIS-IV to Busby on Feb. 11, 2010, and found that Busby possesses a full-scale IQ score of 74. *Id.* On September 9, 2011, Busby filed a motion requesting this Court authorize funds to obtain the reasonably necessary services from a mental disability expert, pursuant to 18 U.S.C. § 3599. ROA.1632. Busby sought the funds so that an expert, specifically, Dr. Stephen Greenspan, could determine whether Busby is intellectually disabled, given that Dr. Martinez had found him to possess a full-scale IQ score indicative of significantly subaverage intellectual functioning. ROA.1651. The district court denied the requested funds, believing Busby could not show the funds were reasonably necessary because he could not

7

conclusively demonstrate the claim he sought to develop was procedurally viable. ROA.1870-71. The court then opined that even if the claim Busby sought to develop was not procedurally defaulted, the requested funds were not reasonably necessary because Busby could not show he possessed significantly subaverage intellectual functioning. ROA.1876.

The district court then ordered the proceeding be stayed and held in abeyance so that Busby could attempt to exhaust his claim in the state court. ROA.1884. The same day, the district court ordered Undersigned Counsel Dow to seek funding from the state court for his legal services, writing § 3599 was not intended to supplant any state procedure for appointing and paying attorneys. ROA.1881. Both to adhere to the court's instruction to seek payment from the state court and to seek from the state court funds necessary to develop Busby's claim, which the district court had previously denied, Busby filed a motion in the state trial court that asked that court to appoint Undersigned Counsel to represent him in his subsequent state habeas proceeding. Ex Parte Mot. Appointment Counsel, *Ex parte Busby*, Cause No. 0920589A (Tarrant Cnty. Crim. Ct. No. 2, Aug. 17, 2012). On September 7, 2012, the trial court denied the motion for appointment of

counsel because it lacked jurisdiction to rule on the motion. Order, *Ex parte Busby*, Cause No. 0920589A (Tarrant Cnty. Crim. Ct. No. 2, Sept. 7, 2012).[3]

Pursuant to the district court's Order, Busby filed a subsequent application for habeas corpus in the state habeas trial court in October 2012. ROA.3690. Because neither the district court nor the state court had granted the funds necessary to obtain a report from an expert opining that Busby is intellectually disabled, his then-*Atkins* claim was supported only by the full-scale IQ score Dr. Martinez obtained in 2010 and was identical, in all relevant respects, to the claim contained in his amended petition filed in the district court. Months later, the CCA dismissed Busby's habeas application because it found that the claim failed to satisfy the dictates of section 5, purporting to do so without considering the merits of Busby's *Atkins* claim. *Ex parte Busby*, No. WR-70, 747-02, 2013 WL 831550, at *1 (Tex. Crim. App. Mar. 6, 2013).

---

[3]The trial court's decision was not unsound. Under Texas law, a trial court cannot act on a subsequent application for writ of habeas corpus until after the Texas Court of Criminal Appeals authorizes it to do so. *See also* Tex. Code Crim. Proc. art 11.071, § 5(a). A trial court is similarly without authority to rule on related motions such as a motion to appoint counsel, or to authorize funds reasonably necessary to develop meritorious claims. *See In re Tex. Dep't Crim. Just.*, 710 S.W.3d 731, 737-38 (Tex. Crim. App. 2025).

9

After subsequently returning to the district court, Busby filed a Second Amended Petition for a Writ of Habeas Corpus on March 27, 2014. ROA.2350. On March 10, 2015, the district court entered its order denying Busby relief (the order from which he now seeks relief). ROA.3316. As mentioned above, with respect to Busby's *Atkins* claim, the court found that the claim was procedurally defaulted because Busby could not demonstrate it would be a miscarriage of justice to execute him because the Court believed that an individual must have an IQ of 70 or below to be intellectually disabled and the Court furthered believed Busby's actual IQ score to likely be "in the 70s." ROA.3352.

On appeal, this Court granted a certificate of appealability, finding that reasonable jurists would debate both whether Busby possesses significantly subaverage intellectual functioning and whether his claim was procedurally defaulted. *Busby v. Davis*, 677 F. App'x 884, 888-89 (5th Cir. 2017). On May 20, 2019, this Court issued its opinion affirming the district court's decision denying Busby relief on his *Atkins* claim. *Busby v. Davis*, 925 F.3d 699, 702 (5th Cir. 2019). In its opinion, this Court noted that "no expert has ever

opined that Busby is intellectually disabled." *Id*. at 706. The Supreme Court denied certiorari on January 13, 2020. *Busby v. Davis*, 589 U.S. 1141 (2020).

Busby was initially scheduled to be executed in May 2020, but that execution was stayed due to the global pandemic. *In re Busby*, No. WR-70,747-03, 2020 WL 2029306, at *1 (Tex. Crim. App. Apr. 27, 2020). After executions resumed following the pandemic-related pause, Busby was again scheduled to be executed on February 10, 2021. Ahead of that planned execution, Counsel presented Busby's *Atkins* claim to the CCA again, and the Court found that Busby's claim made a threshold showing that he is intellectually disabled pursuant to the Supreme Court's opinion issued in *Moore v. Texas*, 581 U.S. 1 (2017), and remanded the claim to the state habeas trial court for further proceedings. ROA.5527.

Following the remand, the state trial court at last granted Busby the funds necessary to obtain an opinion from an expert regarding whether Busby is intellectually disabled (funds Counsel had been seeking since 2009). Counsel utilized those funds to employ Dr. Gilbert Martinez. Dr. Martinez's opinion, announced in his July 11, 2022, Report (ROA.3484-3509) is that Busby is intellectually disabled.

11

## V.    Standard of review for issuing a COA

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a Certificate of Appealability ("COA") is necessary to appeal to this Court the district court's decision to deny relief on habeas claims. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). This Court's jurisprudence suggests it believes a COA is also necessary to appeal an order denying a Rule 60(b) motion, if the 60(b) motion effectively challenges the merits of a denial of habeas relief. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).[4]

A COA should issue when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 336. To determine whether a COA should issue, this Court conducts only a "threshold inquiry," and it should issue a COA if

---

[4] Busby's principal challenge is to the district court's denial of funding. That denial is what constitutes the defect in the earlier habeas proceedings. To be sure, had the district court not wrongfully withheld funds, and had this Court not wrongfully affirmed that denial, Busby would have been able to obtain an expert report establishing that he is intellectually disabled and hence ineligible for execution. Yet the defect in the proceedings was the denial of funding, and it is that defect that undergirds the Rule 60(b) Motion. It is therefore not entirely certain that Busby requires a COA. Nevertheless, and out of an abundance of caution, and given the close proximity of the merits to the defect in the proceedings in the district court, Busby is hereby requesting from this Court a COA.

12

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Skinner v. Quarterman*, 528 F.3d 336, 340-41 (5th Cir. 2008) (quoting *Miller-El*, 537 U.S. at 336, 338); *see also Buck v. Davis,* 580 U.S. 100, 115-17 (2017); *Jordan v. Fisher*, 135 S. Ct. 2647, 2652 (2015) (Sotomayor, J., dissenting). A claim is "debatable" even if every reasonable jurist might agree, after fully considering the claim, that the "petitioner will not prevail." *Buck*, 580 U.S. at 117 (quoting *Miller-El*, 537 U.S. at 338). When a district court denies a habeas claim on procedural grounds, without reaching the underlying claim, a COA should issue when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In capital cases, all doubts as to the appropriateness of a COA are resolved in favor of the petitioner. *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005). In other words, a COA should be denied when a claim is frivolous but not as a means of short-circuiting appellate review.

13

## VI.   Summary of the argument

Reasonable jurists would find that Busby's Rule 60(b) Motion does not constitute a successive habeas petition because it addresses a defect in the integrity of the prior proceeding and not the court's previous ruling on the merits of his claim. Specifically, the Motion addresses the district court's wrongful denial of the funds that were reasonably necessary to obtain a report from an expert opining that Busby is intellectually disabled.

Reasonable jurists would agree that Busby's Motion was timely because he has diligently pursued relief on his Atkins claim since 2009.

Finally, reasonable jurists would agree that Busby's Motion presents extraordinary circumstances because both Undersigned Counsel and Counsel for the State have asked the trial court to find that Busby is ineligible for execution. The joint request is unusual, and a result of the fact that both the expert retained by Busby and the expert retained by the State agree that Busby is intellectually disabled.

## VII.　Argument

### A.　Reasonable jurists would agree that Busby's Motion addresses a defect in the integrity of the proceeding, not a prior habeas decision.

The district court's decision that Busby's Rule 60(b) Motion constitutes a successive habeas petition is grounded in its belief that the claim Busby presented in his Rule 60(b) Motion is the same claim this Court previously considered. *See* ROA.3606. Reasonable jurists would agree that this Court's opinion issued in *Ibarra v. Thaler*, 691 F.3d 677 (5th Cir. 2012), requires finding that the claim Busby presents now is fundamentally different from his prior claim. Ibarra presented an *Atkins* claim to the state habeas court which was supported by no expert report and virtually no other evidence. *Ibarra v. Thaler*, 691 F.3d 677, 681-82 (5th Cir. 2012), *overruled on other grounds by Trevino v. Thaler*, 133 S. Ct. 1911 (2013). This Court found that the *Atkins* claim that Ibarra presented to the federal district court -- supported by the expert opinion ruled inadmissible in the state court proceeding -- was unexhausted because the addition of the expert report made the claim fundamentally different from the one presented to the state court. *Id.* at 682-83.

While *Ibarra* is concerned with procedural default and whether a claim presented to a federal court is different from one presented to the state court, its rule -- i.e., that the addition of an expert report can render an *Atkins* claim fundamentally different from previous iterations of the claim -- is nonetheless applicable here. Because it is now supported by the expert opinion of Dr. Gilbert Martinez (and also the expert opinion of the State's expert, who agrees that Busby is intellectually disabled), the claim that Busby now raises in this Court is a different claim from the one he previously presented to this Court.

It is true that the district court's error regarding Busby's funding decision did not preclude a ruling on the merits of Busby's claim as it then-existed, without any expert opinion; but the district court's error did prevent a ruling on the claim as it exists now, which is in a fundamentally different and better position because it now contains what both the district court and this Court found to be lacking from the previous claim: an expert report.

## B.    Reasonable jurists would agree that Busby's Motion was timely.

The district court issued its order denying Busby relief on his *Atkins* claim on March 10, 2015. Proceedings in this Court proceeded at a slower

16

pace, and this Court did not issue its opinion affirming this Court's decision until June 13, 2018, approximately three months after the Supreme Court issued its opinion in *Ayestas v. Davis*, 584 U.S. 28 (2018). The district court seems to suggest any argument related to *Ayestas* needed to be raised by Busby at that moment, and that Busby should have sought an immediate return to the district court to file his Rule 60(b) Motion rather than pursue his petition for rehearing en banc in this Court. There is simply nothing that requires Busby to have abandoned his meritorious petition for rehearing in the court of appeals to benefit from *Ayestas*.

This Court denied Busby's Petition for Rehearing on May 20, 2019, and the Supreme Court denied his Petition for Writ of Certiorari on January 13, 2020. Only two weeks later, he was scheduled to be executed on May 6, 2020.

Counsel then began working on the claim they would present to the state court. As the global pandemic made it impossible to work on Busby's claim during March and April 2020, Counsel asked the CCA to stay Busby's execution, and the CCA obliged. Notwithstanding the pandemic, Counsel filed Busby's application in the state habeas court in January 2021. Counsel

17

diligently pursued relief in the state court until through last year, when the CCA denied Busby habeas relief on March 5, 2025.

### C. Reasonable jurists would agree that Busby's Motion presents the "extraordinary circumstances" necessary to reopen his proceeding pursuant to Rule 60(b)(6).

To demonstrate "any other reason justifying relief" under Rule 60(b)(6)'s catch-all provision, a petitioner must demonstrate that extraordinary circumstances exist to reopen the district court's final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The Supreme Court has explained that extraordinary circumstances are rare in the habeas context and that a change in decisional law after entry of judgment alone does not justify relief from a final judgment. *Id.* at 535-36.

In the case of Billy Jack Crutsinger, this Court found that the change in decisional law announced in *Ayestas* did not constitute the extraordinary circumstances necessary to reopen his federal habeas proceeding. *Crutsinger v. Davis*, 936 F.3d 265, 270-71 (5th Cir. 2019). This Court should find Busby's Motion is different from Crutsinger's Motion for at least two reasons.

18

First, Busby's motion alleges an error that affected the district court's resolution of a claim that asked the court to determine whether he is eligible for a death sentence. The funding request at issue in *Crutsinger* sought to develop a claim that trial counsel provided Crutsinger ineffective assistance. *Crutsinger v. Davis*, No. 4:07-cv-00703-Y, 2019 WL 3749530, at *2 (N.D. Tex. Aug. 8, 2019). That Busby's funding motion sought to develop a claim that he is intellectually disabled -- and thus constitutionally ineligible for execution -- makes his Motion fundamentally different from Crutsinger's. Moreover, we now know that the funds could have yielded (and have since yielded) precisely the item both the district court and this Court faulted Busby for not previously possessing: an opinion from an expert opining that he is intellectually disabled.

Of course, now not one, but two, experts have opined that Busby is intellectually disabled: both the expert Counsel employed, and the expert employed by Counsel for the State. This fact makes Busby's motion similar in at least one respect to the Rule 60(b) motion filed by Duane Buck.

In its opinion issued in *Buck v. Davis*, 580 U.S. 100 (2017), the Supreme Court found that Duane Buck's Rule 60(b)(6) motion satisfied

19

*Gonzalez*'s extraordinary circumstances requirement. *Buck*, 580 U.S. at 124. A jury had convicted Buck of capital murder and sentenced him to death after affirmatively finding him to be a future danger, based on Dr. Walter Quijano's expert testimony that Buck's race was a pertinent factor in predicting future dangerousness. *Id.* at 104. Buck filed a Rule 60(b)(6) motion asking the federal district court to reopen his proceedings, grounded primarily in the extraordinary circumstances surrounding Dr. Quijano's testimony, though he also cited a change in decisional law. *Id.* at 114 -15. The district court denied Buck's Rule 60(b)(6) motion, finding that Buck had failed to demonstrate extraordinary circumstances. *Id.* at 114. Agreeing with the district court, this Court denied him a COA on the claim. *Id.* at 114-15. However, the Supreme Court reversed this Court's judgment, holding that Buck was entitled to relief under Rule 60(b)(6) and that the district court abused its discretion in denying his motion. *Id.* at 123, 128. The Court reasoned it is highly likely that Buck was sentenced to death in part because of his race, and relying on race in any way to impose a criminal sanction is a fundamental constitutional violation and poisons public confidence in the judicial process. *Id.* at 119, 123-24.

20

Moreover, "[t]he extraordinary nature of [Buck's] case is further confirmed by what the State did in response to Dr. Quijano's testimony." *Id.* at 124. In a prior case in which Dr. Quijano similarly testified that the petitioner's race weighed in favor of a finding of future dangerousness, the State confessed error in the introduction of race as a sentencing factor and consented to resentencing before the Supreme Court. *Id.* at 109, 124; *see also Saldano v. Texas*, 530 U.S. 1212 (2000). Additionally, the Texas Attorney General issued a public statement addressing the cases in which Dr. Quijano testified, affirming that "it is inappropriate to allow race to be considered as a factor in our criminal justice system," and identifying six similar cases in which Dr. Quijano's testimony injected race into capital sentencing proceedings. *Buck*, 580 U.S. at 109, 124 (reflecting the Attorney General's identification of Buck as one of the six defendants). The Court highlighted how remarkable the State's response of consenting to resentencing was, because "[i]t is not every day that a State seeks to vacate the sentence of five defendants found guilty of capital murder." *Id.* at 125. However, while Buck was initially identified by the Attorney General as one of the defendants whose capital sentencing was improperly affected by Dr. Quijano's

21

testimony, the State refused to confess error and resentence Buck. *Id.* at 109-10, 125.

Dr. Antoinette McGarrahan was employed by Counsel for the State to determine whether Busby is intellectually disabled. She agreed with Dr. Martinez's opinion. ROA.3510-15. Accordingly, with its own expert agreeing that Busby is ineligible for execution, Counsel for the State filed Proposed Findings of Fact and Conclusions of Law, urging the state habeas trial court to find that Busby is ineligible for execution because of intellectual disability. That the same office would seek to execute an offender it has acknowledged to be ineligible for execution is extraordinary in precisely the same way it was for the Attorney General's Office to concede error in Duane Buck's case but then refuse to retry him.

## VIII. Conclusion and prayer for relief

Only two experts have opined on whether Petitioner Edward Lee Busby is intellectually disabled since before his 2005 trial. Both experts -- i.e., Busby's expert and the State's expert -- agree Busby is intellectually disabled. Indeed, in the proceedings in the state court, the government agreed that Busby is intellectually disabled and hence ineligible for execution.

22

Both the district court and this Court previously denied Busby relief on his *Atkins* claim largely because it did not then contain a report from any expert opining that Busby is intellectually disabled. The Record lacked such a report only because this Court adhered to an incorrect interpretation of federal law (i.e., an incorrect standard for addressing funding requests under § 3599). But for this defect in the integrity of Busby's federal habeas proceeding, the record then before the district court and before this Court would have contained a report similar to the July 11, 2022 Report from Dr. Gilbert Martinez, which establishes conclusively that Busby is intellectually disabled.

The claim that now exists because of the addition of the report is fundamentally different from the claim this Court previously considered. Busby's Motion is not an attempt to relitigate that earlier version of his claim, but is instead an attempt to litigate whether the district court's error constituted a defect in the integrity of the proceeding which prevented a finding that Busby is ineligible for execution because of intellectual disability.

Accordingly, Busby requests that this Court:

23

(1) find that his Motion under Rule 60(b) is not a successive habeas petition but is instead an appropriate Rule 60 challenge to the integrity of the prior habeas proceedings;

(2) determine his Motion to be timely;

(3) determine that his Motion presents extraordinary circumstances justifying relief;

(4) either remand to the district court to consider the merits of the new *Atkins* claim relying on the expert reports demonstrating Busby's intellectual disability, or determine that the record establishes that Busby is intellectually disabled and hence ineligible for execution;

(5) stay Busby's execution, currently scheduled for May 14, 2026;

(6) grant any other relief the Court deems appropriate.

Respectfully submitted,

s/ David R. Dow                          /s/ Jeffrey R. Newberry

_____          _____
David R. Dow                              Jeffrey R. Newberry
Texas Bar No. 06064900              Texas Bar No. 24060966
University of Houston Law Center    University of Houston Law Center
4170 Martin Luther King Blvd.        4170 Martin Luther King Blvd.
Houston, Texas 77204-6060          Houston, Texas 77204-6060
Tel. (713) 743-2171                      Tel. (713) 743-6843
Fax (832) 842-4671                       Fax (832) 842-4671
Email ddow@central.uh.edu         Email jrnewber@central.uh.edu

## Certificates of Service and
## Compliance with ECF Filing Standards

I certify that on April 27, 2026, this appeal and application with brief in support was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

Jefferson David Clendenin
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
jay.clendenin@oag.texas.gov

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Jeffrey R. Newberry

_____
Jeffrey R. Newberry

## Certificate of Compliance with Rule 32(a)

1. This application with brief in support complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,764 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

2. This appeal and application with brief in support complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this application has been prepared in a proportionally spaced typeface using Microsoft Word for Mac Version 16.108 in 14-point Equity A and 12-point Equity A for footnotes.

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry