**No. 26-70004**

_____

**In the United States Court of Appeals for the Fifth Circuit**

_____

Edward Lee Busby, *Petitioner-Appellant*

v.

Eric Guerrero, Director, Texas Department of Criminal Justice,
Correctional Institutions Division, *Respondent-Appellee*

consolidated with

_____

**No. 26-10354**

_____

In re: Edward Lee Busby, *Movant*

_____

**REPLY TO RESPONDENT'S OPPOSITION TO
APPLICATION FOR CERTIFICATE OF APPEALABILITY**

_____

| | |
|---|---|
| David R. Dow | Jeffrey R. Newberry |
| Texas Bar No. 06064900 | Texas Bar No. 24060966 |
| University of Houston Law Center | University of Houston Law Center |
| 4170 Martin Luther King Blvd. | 4170 Martin Luther King Blvd. |
| Houston, Texas 77204-6060 | Houston, Texas 77204-6060 |
| Tel. (713) 743-2171 | Tel. (713) 743-6843 |
| Fax (832) 842-4671 | Fax (832) 842-4671 |
| Email ddow@central.uh.edu | Email jrnewber@central.uh.edu |

Counsel for *Petitioner-Appellant*, Edward Lee Busby

No. 26-70004

_____

**In the United States Court of Appeals for the Fifth Circuit**

_____

Edward Lee Busby, *Petitioner-Appellant*

v.

Eric Guerrero, Director, Texas Department of Criminal Justice, Correctional Institutions Division, *Respondent-Appellee*

consolidated with

_____

**No. 26-10354**

_____

In re: Edward Lee Busby, *Movant*

_____

**REPLY TO RESPONDENT'S OPPOSITION TO APPLICATION FOR CERTIFICATE OF APPEALABILITY**

_____

**This is a death penalty case.
Mr. Busby is scheduled to be executed on May 14, 2026.**

Petitioner-Appellant Edward Lee Busby filed his Application for

Certificate of Appealability ("Appl.") on Monday, April 27, 2026.

Respondent-Appellee filed his Response in Opposition ("Resp.") on

Thursday, April 30. Busby now files this Reply, responding only to those arguments made by Respondent which he deems to merit a response.

## I.    The unpublished opinions cited by Respondent provide no support for Respondent's argument that Busby's Motion constituted a successive habeas petition.

Respondent's assertion that Busby has waived any argument that the district court's finding that his Rule 60(b) Motion constitutes a successive habeas petition runs afoul of this Court's opinion in *Crutsinger* is belied by the record in the court below. *See* Resp. at 22. Busby's Motion relied heavily on *Crutsinger*. ROA.3460-62. The district court found that Busby's Motion was like Crutsinger's in that that court acknowledged that Busby's Motion challenged a procedural ruling. ROA.3606. However, the district court believed that Busby's Motion also challenged the district court's merits ruling of his prior *Atkins* claim. *Id.* ("The present motion thus challenges a merits determination, not just a procedural ruling, and so constitutes a successive habeas claim."). Arguing that reasonable jurists would debate the district court's conclusion therefore required Busby to argue in this Court precisely what he has argued, which is that reasonable jurists would disagree with the district court's conclusion that Busby's Motion challenges the

2

district court's earlier merits determination. Reasonable jurists would debate this conclusion because Busby's current claim is fundamentally different from the claim the district court (and this Court) previously considered because it is now buttressed by the expert report both the district court and this Court previously found to be lacking. Busby's current claim is the claim that could have been considered but for the district court's error in denying Busby the funds necessary to develop his claim.

The two unpublished opinions relied upon by Respondent in his Response in Opposition provide no support for the assertion that Busby's Motion constitutes a successive habeas petition. First, there is a critical difference between Busby's Motion and Juan Segundo's Rule 60(b) motion, which Respondent fails to acknowledge. While it is correct that at some point Segundo asked for funds to develop an *Atkins* claim, his Rule 60(b) motion argued that the district court's error in denying him the funds necessary to develop an ineffective assistance of counsel claim constituted a defect in the integrity of the proceeding. Pet'r's Mot. Relief J. 1, *Segundo v. Davis*, No. 4:10-cv-00970-Y (N.D. Tex. May 18, 2018), ECF No. 86 ("[t]he Court denied funding to Mr. Segundo to investigate his unexhausted claim that trial

counsel were ineffective for failing to investigate intellectual disability"). At most, this Court's opinion in *Segundo* stands for the proposition that additional evidence (apparently including even an expert report) did not alter Segundo's ineffective assistance of counsel (IAC) claim -- i.e., the additional evidence did not fundamentally change the IAC claim -- which meant that Segundo's motion constituted an attempt to relitigate his same, previously litigated, ineffective assistance of counsel claim. *See In re Segundo*, 757 F. App'x 333, 336 (5th Cir. 2018). *Segundo* says nothing about what effect, if any, the addition of an expert report would have to an *Atkins* claim.

The second unpublished opinion cited by Respondent in support of his argument, *Gamboa v. Davis*, 782 F. App'x 297 (5th Cir. 2019), is also irrelevant. The reason this Court appears to have held that Gamboa's Rule 60(b) motion did not allege a defect in the integrity of the proceeding was that the motion was based on habeas counsel's omissions, and such challenges "'ordinarily do[] not go to the integrity of the proceedings, but in effect ask[] for second chance to have the merits determined favorably.'" *Gamboa*, 782 F. App'x 297, 300-01 (5th Cir. 2019). Gamboa had sought to raise new claims because his previous attorney had abandoned him, but being

abandoned by one's attorney does not constitute a defect in the integrity of a proceeding. Busby's Motion, of course, is not grounded in Counsel's omissions but in this Court's error in denying the funds necessary to obtain a report from an expert opining that Busby is intellectually disabled.

The district court correctly observed that, like Crutsinger's, Busby's Motion challenged a procedural ruling. Reasonable jurists would debate the district court's further conclusion that the Motion also constituted an attempt to relitigate the merits of his *Atkins* claim because reasonable jurists would recognize his current *Atkins* claim is fundamentally different from his previous claim.

II.     **Because Busby requested funds before returning to the state court, had the district court not erred in denying Busby's request, the evidence would have been exhausted, and *Pinholster* would have not prevented the district court from then considering the evidence.**

Respondent argues this Court should find reasonable jurists would not debate the district court's opinion because the error Busby's Motion sought to correct could not have yielded evidence that could have been considered by the district court. Resp. at 38. Specifically, Respondent argues that had the federal court granted the funds necessary to obtain an expert report when

Busby first asked for the funds, it would have then been prevented from considering the Report. However, Respondent's argument misunderstands when Busby asked the federal court for the necessary funds. Importantly, Busby asked for the necessary funds before he returned to the state court. ROA.1632. Had the district court granted the requested funds, Busby would have obtained the report before returning to state court so that the record presented to the state court would have contained the report and neither the Supreme Court's opinion in *Cullen v. Pinholster* nor 28 U.S.C. § 2254 would prevent the district court from considering it.

## III. Conclusion

In post-conviction proceedings, only two experts have opined on whether Petitioner Edward Lee Busby is intellectually disabled. Both experts -- i.e., Busby's expert and the State's expert -- agree Busby is intellectually disabled. Both the district court and this Court previously denied Busby relief on his *Atkins* claim largely because it did not then contain a report from any expert opining that Busby is intellectually disabled. The Record lacked such a report only because this Court adhered to an incorrect interpretation of federal law (i.e., an incorrect standard for addressing funding requests

under § 3599). But for this defect in the integrity of Busby's federal habeas proceeding, the record then before the district court and before this Court would have contained a report similar to the July 11, 2022 Report from Dr. Gilbert Martinez, which establishes conclusively that Busby is intellectually disabled.

The claim that now exists because of the addition of the report is fundamentally different from the claim this Court previously considered. Busby's Motion is not an attempt to relitigate that earlier version of his claim, but is instead an attempt to litigate whether the district court's error constituted a defect in the integrity of the proceeding which prevented a finding that Busby is ineligible for execution because of intellectual disability.

Respectfully submitted,

<table>
<tr><td>s/ David R. Dow</td><td>/s/ Jeffrey R. Newberry</td></tr>
<tr><td>_____</td><td>_____</td></tr>
<tr><td>David R. Dow</td><td>Jeffrey R. Newberry</td></tr>
<tr><td>Texas Bar No. 06064900</td><td>Texas Bar No. 24060966</td></tr>
<tr><td>University of Houston Law Center</td><td>University of Houston Law Center</td></tr>
<tr><td>4170 Martin Luther King Blvd.</td><td>4170 Martin Luther King Blvd.</td></tr>
<tr><td>Houston, Texas 77204-6060</td><td>Houston, Texas 77204-6060</td></tr>
<tr><td>Tel. (713) 743-2171</td><td>Tel. (713) 743-6843</td></tr>
<tr><td>Fax (832) 842-4671</td><td>Fax (832) 842-4671</td></tr>
<tr><td>Email ddow@central.uh.edu</td><td>Email jrnewber@central.uh.edu</td></tr>
</table>

## Certificates of Service and
## Compliance with ECF Filing Standards

I certify that on May 4, 2026, this appeal and application with brief in support was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

Jefferson David Clendenin
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
jay.clendenin@oag.texas.gov

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Jeffrey R. Newberry

_____
Jeffrey R. Newberry

**Certificate of Compliance with Rule 32(a)**

     1. This reply complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,654 words.

     2. This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this application has been prepared in a proportionally spaced typeface using Microsoft Word for Mac Version 16.108 in 14-point Equity A and 12-point Equity A for footnotes.

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry