Nos. 26-70004, 26-10354

IN THE
# United States Court of Appeals for the Fifth Circuit

EDWARD LEE BUSBY,
*Petitioner–Appellant*

*v.*

ERIC GUERRERO, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,
*Respondent–Appellee*

consolidated with

In re: EDWARD LEE BUSBY,
*Movant.*

## OPPOSITION TO MOTION FOR A STAY OF EXECUTION AND MOTION FOR DISMISSAL

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

JEFFERSON CLENDENIN
Assistant Attorney General
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
jay.clendenin@oag.texas.gov

*Counsel for Respondent*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*Respondent*
>Eric Guerrero, Director
>TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

*Counsel for Respondent*
>Jefferson Clendenin, Assistant Attorney General, Criminal Appeals Division
>OFFICE OF THE ATTORNEY GENERAL OF TEXAS

*Movant*
>Edward Lee Busby

*Counsel for Movant*
>David R. Dow
>Jeffrey R. Newberry

s/ Jefferson Clendenin
JEFFERSON CLENDENIN
Assistant Attorney General

i

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ...........................................i

TABLE OF CONTENTS ....................................................................ii

TABLE OF AUTHORITIES.................................................................iii

OPPOSITION TO MOTION FOR A STAY OF EXECUTION AND MOTION FOR DISMISSAL....................................................................1

CONCLUSION .........................................................................3

CERTIFICATE OF SERVICE.................................................................5

CERTIFICATE OF COMPLIANCE WITH RULE 32(a).........................5

ELECTRONIC CASE FILING CERTIFICATIONS...............................5

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*Atkins v. Virginia*, 536 U.S. 304 (2002) ..................................................1

*Crutsinger v. Davis*, 930 F.3d 705, 707 (5th Cir. 2019)...........................3

*Hamm v. Smith*, 145 S. Ct. 2776 (June 6, 2025) .....................................2

*Nken v. Holder*, 556 U.S. 418, 434 (2009)...............................................3

*Tyler v. Cain*, 533 U.S. 656, 662 (2001) ..................................................2

*United States v. Martinez-Cruz*, 736 F.3d 999, 1006 (D.C. Cir. 2013).....2

**Statutes and Rules**

28 U.S.C. § 2244(b) ...................................................................................1

## OPPOSITION TO MOTION FOR A STAY OF EXECUTION AND MOTION FOR DISMISSAL

Petitioner–Appellant Edward Lee Busby was properly convicted of capital murder and sentenced to death for the murder of Laura Crane. He is scheduled to be executed after **6:00 p.m., tonight, May 14, 2026**. Busby filed in the court below a motion under Federal Rule of Civil Procedure 60(b) for relief from judgment that re-raised a previously rejected claim under *Atkins v. Virginia*, 536 U.S. 304 (2002). The motion was an impermissible successive habeas petition over which the court lacked jurisdiction, so it transferred the case to this Court. A divided panel issued a temporary stay of execution without agreement on the basis for the stay. Respondent–Appellee, the Director, requested the Supreme Court to vacate that stay because this Court should have denied Busby a certificate of appealability (COA) with respect to the denial of the Rule 60(b) motion and denied his motion for authorization, as his *Atkins* claim indisputably failed to satisfy any part of 28 U.S.C. § 2244(b). The Supreme Court granted the Director's request.

Busby now asks this Court to ignore the clear meaning of the Supreme Court's decision and re-enter a stay of execution. But he fails to identify any daylight remaining following the Supreme Court's vacatur

1

of this Court's stay. And there is none. This Court's stay was erroneous for several reasons, none of which Busby attempted to salvage in the Supreme Court: (1) Busby's Rule 60(b) motion was a successive petition, untimely, and meritless, (2) Busby's *Atkins* claim was indisputably barred under § 2244(b)(1) and (b)(2), (3) the Supreme Court's decision in *Hamm v. Smith*, 145 S. Ct. 2776 (June 6, 2025), is irrelevant to this Court's adjudication of Busby's Rule 60(b) motion, his motion for authorization, and application of § 2254(d), and (4) Busby's *Atkins* claim is meritless and time barred.

A recapitulation of all the Director's arguments is unnecessary at this late time. In short, Busby's Rule 60(b) motion—predicated on a funding issue—cannot open the door to a merits re-adjudication of his *Atkins* claim that was previously denied on the merits. Busby's *Atkins* claim cannot meet § 2244(b)(1) because it was raised and rejected before. And it cannot meet any provision of § 2244(b)(2) because it does not rely on a new rule of constitutional law that has been made retroactive, *Tyler v. Cain*, 533 U.S. 656, 662 (2001) (under § 2244(b)(2)(A), an applicant must rely on a new rule of constitutional law that has been "made retroactive" by this Court and was previously unavailable), nor does is it

2

newly available or allege innocence of his crime. Denial of a COA and authorization should have followed Busby's attempt at an appeal. The Supreme Court's order speaks for itself. Busby is not entitled to a stay of execution, and this Court should reject Busby's attempt to defy the order vacating the stay of execution. *See United States v. Martinez-Cruz*, 736 F.3d 999, 1006 (D.C. Cir. 2013) (Kavanaugh, J., dissenting) ("As a lower court in a system of absolute vertical stare decisis headed by one Supreme Court, it is essential that we follow both the words and the music of Supreme Court opinions. This case is controlled by at least the music, if not also the words, of the Supreme Court's decision[.]").

Busby had the opportunity to argue to the Supreme Court that the many procedural barriers identified by the Director did not exist or had been overcome. But he presented no such argument. Instead, Busby argued only the purported merit of his *Atkins* claim. At a minimum, then, the Supreme Court's order represents a decision that Busby's claim lacks merit, which by itself disentitles him to a stay of execution. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (the ability to prevail on the merits is a "critical" consideration); *Crutsinger v. Davis*, 930 F.3d 705, 707 (5th Cir. 2019) (the "inability to establish a likelihood of success on the merits is,

3

effectively, dispositive of the motion for stay"). Having failed to convince the Supreme Court to leave the stay in place, Busby cannot now obtain another stay because he believes he can overcome a procedural barrier in a way he has so far entirely failed to show. For the same reasons, this Court should dismiss Busby's appeal of the denial of his Rule 60(b) motion and deny his motion for authorization to file a successive petition.

## CONCLUSION

The Director respectfully requests that this Court deny Busby's motion for a stay of execution and dismiss the pending proceedings.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

s/ Jefferson Clendenin
JEFFERSON CLENDENIN
Assistant Attorney General
Texas Bar No. 24059589
*Counsel of Record*

4

P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 936-1600
Fax: (512) 320-8132
Email: jay.clendenin@oag.texas.gov

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I electronically filed the foregoing document with the clerk of the court for the United States Court of Appeals for the Fifth Circuit, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to counsel of record who has consented in writing to accept this Notice as service of this document by electronic means.

s/ Jefferson Clendenin
JEFFERSON CLENDENIN
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)(2)

I hereby certify that this Brief in Response complies with Federal Rule of Appellate Procedure 27(d)(2) in that it contains 760 words. Microsoft Word, Century Schoolbook Font, 14 points.

s/ Jefferson Clendenin
JEFFERSON CLENDENIN
Assistant Attorney General

## ELECTRONIC CASE FILING CERTIFICATIONS

I do hereby certify that: (1) all required privacy redactions have been made; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.

s/ Jefferson Clendenin
JEFFERSON CLENDENIN
Assistant Attorney General
